**UNITED STATES of America,
Plaintiff,**

**v.**

**Steve ANNORENO, also known as George Brown, Anthony Delgallo, Louis De Riggi, John Kobylarz, Albert Milstein, Sam Pullia, Anthony Reno, also known as Anthony Annoreno, Anthony Spillone, Vito Spillone, George Vertucci, and Martin Bucaro, Defendants.**

**No. 69 CR 699.**

United States District Court,
N. D. Illinois, E. D.

Jan. 20, 1971.

Anton Valukas, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Louis Carbonaro, Chicago, Ill., for defendant Steve Annoreno.

Patrick A. Tuite, Chicago, Ill., for defendant Albert Milstein.

Raymond J. Smith, Chicago, Ill., for defendant Louis De Riggi.

## MEMORANDUM AND ORDER RE ELECTRONIC EAVESDROPPING

ROBSON, Chief Judge.

The defendants Steve Annoreno, Albert Milstein, and Louis De Riggi have

moved to suppress all evidence presented against them at trial on the grounds that the Government obtained its evidence against them by the use of illegal electronic eavesdropping. After a full hearing on this issue, this court is of the opinion that these motions are without foundation.

The Government has admitted that it conducted electronic surveillance of certain conversations of the moving defendants in 1963 and 1964. Copies of logs have been turned over to each of these defendants with respect to their monitored conversations. In accordance with the Supreme Court's directives in Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), all agents of the Government who participated in the investigation of this case were made available to these defendants for cross-examination on the issue of the origin of the evidence adduced at trial by the Government.

■ The defendants have not shown that the investigations conducted by agents of the Federal Bureau of Investigation and the Internal Revenue Service focused on their loan-sharking or juice activities as a result of governmental exploitation of the electronic eavesdropping sources in question. By the affidavit and testimony of Special Agent Leonard Wolf, who was the supervising agent of the Federal Bureau of Investigation in the preparation of this case, the Government has shown that the evidence it adduced at trial was derived from sources entirely and completely independent from the electronic eavesdropping which occurred more than four years before the investigation leading to this indictment was commenced. The sources of the Government's evidence consisted primarily of information provided by live informants and from visual surveillance conducted by the F.B.I. during the year 1968. The court therefore finds that the Government has carried its burden in showing beyond a reasonable doubt that the evidence it introduced at trial was not tainted by illegal electronic eavesdropping.

■ Consistent with the standards set by the Supreme Court in the Alderman decision, the defendants have the burden of coming forward with specific evidence of taint. This they have clearly failed to do. The defendants have relied on the tenuous speculation that the evidence adduced against them at trial was tainted merely because they had previously been the subjects of illegal electronic surveillance, and that activities similar to those charged in the indictment were disclosed in the monitored conversations. The defendants have not shown that any witness at trial or item of evidence introduced by the Government was procured as a result of the electronic surveillance in question. The fact that these defendants were once the subjects of electronic monitoring does not forever immunize them from prosecution for any and all criminal activities revealed in such a surveillance. Rather, the Alderman decision and its progeny preclude the Government from exploiting information gained by the use of illegal electronic surveillance as an evidentiary basis for prosecuting persons subjected to such monitoring. The defendants must show a connection between the overhead conversations and the case made against them. In doing so, they may not rely on speculation and tenuous generalizations, as these defendants have done. United States v. Alderisio, 424 F.2d 20 (10th Cir. 1970); United States v. Nolan, 420 F.2d 552 (5th Cir. 1969); United States v. Balistrieri, 403 F.2d 472 (7th Cir. 1968).

The motions of the defendants Steve Annoreno, Albert Milstein, and Louis De Riggi to suppress the evidence introduced against them at trial are therefore denied.

It is further ordered that judgment be, and it is hereby entered on the verdicts of the jury.